O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| KEVIN LLOYD SHIELDS, | Case No. ED CV 18-0074 MAA |
|---|---|
| Plaintiff, | |
| v. | **ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff has filed a Complaint seeking review of the Commissioner's final decision denying his application under Title II of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's decision is reversed, and this matter is remanded for further administrative proceedings.

## ADMINISTRATIVE BACKGROUND

On September 18, 2015, Plaintiff filed an application under Title II for a period of disability and Disability Insurance Benefits, alleging disability beginning on July 9, 2012. (Administrative Record [AR] 15, 174-80.) Plaintiff alleged

disability due to his right leg being broken in a motorcycle accident, tissue damage to the right leg, difficulty with walking due to tissue damage, and a torn muscle in the left rotator cuff. (AR 69.) After his application was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 97-98.) At a hearing held March 2, 2017, Plaintiff appeared with counsel, and the ALJ heard testimony from Plaintiff and a vocational expert. (AR 30-68.)

In a decision issued on June 28, 2017, the ALJ denied Plaintiff's claim after making the following findings pursuant to the Commissioner's five-step evaluation. Plaintiff had not engaged in substantial gainful activity during the period from his alleged disability onset date of July 9, 2012 to his date last insured of December 31, 2015. (AR 17.) He had the following "severe" impairments: "left shoulder small partial thickness tear, mild tendinosis, mild degenerative changes, and mild subcortical cystic changes, severe in combination." (*Id.*) He did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (AR 17-18.) He had a residual functional capacity to perform medium work (AR 18), which would preclude him from performing his past relevant work as a construction worker and installer (AR 21). However, he could perform other work in the national economy, specifically the occupations of hardware assembler and "lacer and tier," both of which were medium-level jobs. (AR 22.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (AR 23.)

On November 30, 2017, the Appeals Council denied Plaintiff's request for review. (AR 1-6.) Thus, the ALJ's decision became the final decision of the Commissioner.

///

///

# DISPUTED ISSUES

The parties dispute the following two issues:

1. Whether the ALJ properly considered whether Plaintiff satisfied the requirements of a listed impairment at step three and properly considered all his "severe" impairments at step two; and

2. Whether the ALJ properly considered Plaintiff's subjective symptom allegations.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

# DISCUSSION

For the reasons discussed below, reversal and remand for further administrative proceedings are warranted for Issue Two, based on the ALJ's evaluation of Plaintiff's subjective symptom allegations. It is therefore unnecessary

to address Issue One. *See Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) (declining to decide alternate issues where reversal otherwise is warranted); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 n.1 (9th Cir. 1997) (same).

A.  **Plaintiff's Subjective Symptom Allegations (Issue Two).**

  1.  **Legal Standard.**

An ALJ must make two findings in assessing a claimant's pain or symptom allegations. Social Security Ruling ("SSR") 16-3P, 2017 WL 5180304, at *3; *Treichler*, 775 F.3d at 1102. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler*, 775 F.3d at 1102 (citation omitted). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms" and those reasons must be supported by substantial evidence in the record. *Id.*; *see also Marsh v. Colvin*, 792 F.3d 1170, 1174 n.2 (9th Cir. 2015).

"A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)).

Effective March 28, 2016, SSR 16-3P rescinded and superseded the Commissioner's prior rulings as to how the Commissioner will evaluate a claimant's statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. *See* SSR 16-3P, 2017 WL 5180304, at *1. Because the ALJ's decision in this case was issued on June 28, 2017, it is governed by SSR

4

16-3P. *See id.* at *13 and n.27. In pertinent part, SSR 16-3P eliminated the use of the term "credibility" and clarified that the Commissioner's subjective symptom evaluation "is not an examination of an individual's character." SSR 16-3P, 2017 WL 5180304, at *2; *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). These changes are largely stylistic and are consistent in substance with Ninth Circuit precedent that existed before the effective date of SSR16-3P. *See Trevizo*, 871 F.3d at 678 n.5

## 2. Background.

Plaintiff last worked in July 2012, when he injured his left shoulder and right leg in a motorcycle accident. (AR 265, 327.) Because Plaintiff was classified as a person of advanced age (at least 55 years old) at the time of the accident, he would be considered disabled, under Rule 202.06 of the Medical Vocational Guidelines, if his residual functional capacity was for anything less than the "medium work" assigned to him by the ALJ, even if he was not completely debilitated by his injuries. (*See* AR 66.) During the hearing, he testified as follows about his living circumstances and symptoms following the accident.

He has lived by himself for 10 years. (AR 35.) He has no limitations on his driver's license. (*Id.*) He cannot lift his left (dominant) hand over his head because of nerve damage in the shoulder. (AR 44.) He received physical therapy and surgery on the left shoulder. (*Id.*) No physician recommended that he limit his activities, but physicians told him not to work, at least temporarily. (AR 45.)

He walks a few times a week, for up to a mile each time. (AR 48, 53.) He can perform his own "self-care" and grocery shopping, but he needs help with chores such as cleaning the house or mowing the lawn. (AR 49.) He cannot sit through a movie because of nerve damage to his right leg. (*Id.*)

He can lift 10 pounds with his left arm and 50 pounds with his right arm. (AR 52-53.) Lying down is the best position for him. (AR 54.) He needs to

constantly change positions when sitting or standing, after about 20 or 30 minutes per position. (AR 54, 55.) He would be unable to stand for a six hours total during a typical workday. (AR 54-55.)

In the administrative decision, the ALJ rejected Plaintiff's subjective symptom allegations. The ALJ first found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (AR 19.) The ALJ next found, however, that his statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id.*) In support of this determination, the ALJ articulated two reasons: evidence of Plaintiff's daily activities belied his claim of disability, and the treatment records did not support the degree of severity alleged. (*Id.*)

### 3. Analysis.

#### a. evidence of daily activities.

The ALJ rejected Plaintiff's subjective symptom allegations in part because of evidence of Plaintiff's daily activities. (AR 19.) As support, the ALJ cited Plaintiff's own testimony that "he has lived alone for 10 years," "prepares his own meals, drives, does his own household shopping, and cares for his own personal care needs without assistance." (*Id.*) The ALJ concluded that this level of activity involved activities that were "the same as those necessary for obtaining and maintaining employment" and also "inconsistent with [Plaintiff's] statements concerning the alleged intensity, persistence, and limiting effects" of his symptoms. (*Id.*)

A claimant's testimony about his daily activities may undermine his claim of disability in two ways: (1) the activities may contradict his other testimony about the severity of his symptoms, or (2) the activities may meet the threshold for transferable work skills. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Although the ALJ here relied on both ways to reject Plaintiff's subjective symptom allegations, neither was clear and convincing.

First, Plaintiff's testimony about his daily activities could not be used to illustrate a contradiction with his other testimony because the ALJ did not identify the other testimony that supplied the contradiction. A bare conclusion that such a contradiction exists is insufficient. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("[T]he ALJ did not elaborate on *which* daily activities conflicted with *which* part of Claimant's testimony.") (emphasis in original); *see also Ross v. Berryhill*, 711 F. App'x 384, 386 (9th Cir. 2017) ("[T]he ALJ failed to identify specific symptom testimony the ALJ found to be inconsistent with [the claimant's] reported activities of daily living.") (citation omitted). In any event, the Court perceives no obvious contradiction. Plaintiff's testimony about his activities — such as performing his own self-care, occasional walking, and grocery shopping — was not inherently contradictory of his other testimony about his limited ability to lift with his left arm, his inability to stand for six total hours in a workday, or his need to change positions. Thus, this was not a clear and convincing basis to reject Plaintiff's subjective symptom allegations.

Second, substantial evidence did not support the ALJ's apparent conclusion that Plaintiff's testimony about his daily activities met the threshold for transferable work skills. As an initial matter, the ALJ also failed to explain how Plaintiff's limited activities were transferable to a workplace. *See Webber v. Astrue*, 305 F. App'x 311, 313 (9th Cir. 2008) ("[T]he ALJ failed to explain how Webber's very limited domestic activities, primarily caring for her minor disabled son, were transferable to the workplace."). Moreover, Plaintiff's daily activities — consisting of self-care, driving, grocery shopping, occasional walking, and some household chores — were not so demanding that they clearly warranted an inference of transferability to a workplace. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills,

7

writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities.") (citing *Fair v. Bowen*, 885 F.2d 507, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.")); *see also Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."). Thus, this was not a clear and convincing basis to reject Plaintiff's subjective symptom allegations.

### b. lack of support by treatment records.

The ALJ rejected Plaintiff's subjective symptom allegations in part because "the treatment records do not support the degree of severity alleged." (AR 19.) As support, the ALJ cited evidence that physical therapy records noted relief of pain and "full left shoulder active range of motion," and that physical exams noted "stable right ankle stress capacity to perform a range of medium exertion work, with additional limitations accommodating his left shoulder impairments." (*Id.*)

"Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Here, however, even assuming this reason was supported by the record, the only other reason, as discussed above, was legally insufficient. Because this final reason by itself cannot support the ALJ's rejection of Plaintiff's subjective symptom allegations, it is unnecessary to determine whether this reason constitutes substantial evidence for the ALJ's determination. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (holding that where ALJ's other reason to reject the claimant's testimony was legally insufficient, the sole remaining reason premised on the

absence of objective medical support could not justify the credibility determination); *see generally Bunnell*, 947 F.2d at 345 ("[A]n adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain").

### 4. Conclusion.

For the foregoing reasons, reversal is warranted for Issue Two, based on the ALJ's evaluation of Plaintiff's subjective symptom allegations.

## B. Remand for further administrative proceedings.

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Although the Court has found legal error as discussed above, the record on the whole is not fully developed, and essential factual issues remain outstanding. The discredited evidence raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the existing record does not clearly

9

demonstrate that the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: Sept. 17, 2018

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE